PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Honda Accord struck a hole on the white edge line while claimant Russell G. Cook was traveling on County Route 16/14 in Midway, Raleigh County. Route 16/14 isaroad maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 2:30 p.m. and 3:00 p.m. on October 13,2007. County Route 16/14 is a paved two-lane road with white edge lines and a double-yellow center line. The posted speed limit is thirty-five miles per hour. Claimant Russell G. Cook was traveling from Beckley towards Sophia at approximately forty miles per hour when he noticed a vehicle traveling towards him that was partially in his lane of travel. As claimant drove his vehicle closer to the white edge line to avoid the oncoming vehicle, his vehicle struck a hole that was approximately twenty-four inches long, six to eight inches wide, and four inches deep. He first noticed that the oncoming vehicle was on his side of the road when it was fifteen to twenty feet away from his vehicle. Mr. Cook stated that he travels on this road an average of once a month and had not noticed the hole on the white edge line prior to this incident. As a result, claimants’ vehicle sustained damage to a tire and a rim in the amount of $360.68. Since claimants’ insurance deductible is $250.00, their recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the hole on the white edge line on County Route 16/14. Dale Hughart, Raleigh County Administrator for respondent, testified that this road is a second priority in terms of maintenance. Mr. Hughart stated that his office did not receive any complaints regarding the condition of Route 16/14 prior to this incident. However, at least one of his employees travels this road on a regular basis. Mr. Hughart explained that the rain must have washed away a portion of the road in this particular area. He also stated that traffic could have caused the erosion in this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of *112 this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Since respondent had at least one employee that traveled on this road on a regular basis, the Court finds that respondent was aware of the hole. Also, the size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in the amount of $250.00.
Award of $250.00.